CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED

APR 21 2011

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| LAURIE A. CLARK, | CASE NO. 3:10CV00041 |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| WHOLE FOODS MARKET GROUP, INC., | |
| Defendant. | By: B. WAUGH CRIGLER |
| | U.S. MAGISTRATE JUDGE |

On April 15, 2011, the defendant, Whole Foods Market Group, Inc. ("Whole Foods"), moved to dismiss this action with prejudice on the basis of what it asserts to be plaintiff's failures to comply with this court's orders directing a medical examination, to appear for deposition as ordered, to respond to significant other discovery requests, and for what it believes amounts to plaintiff's general failure to prosecute the case.[1] Plaintiff opposes any dismissal with prejudice on the basis that there are other remedies available which both protect the defendant and preserve her right of action. Plaintiff also moved the court to reconsider her prior motion to continue, which the undersigned denied in open court.

On April 20, 2011 the court entertained argument on Whole Foods' motion and the plaintiff's opposition.[2] The arguments essentially tracked the parties' briefs supporting and opposing the defendant's motion. It is noted, however, that the underlying procedural and operative facts offered by Whole Foods were not contested, nor was there a reasonable basis upon which they could have been contested.

---

[1] Whole Foods does not assert that any of these failures were occasioned by plaintiff's counsel of record. The undersigned has observed in prior proceedings, as well as on the record of the instant proceedings, that plaintiff's counsel has made every effort to both comply with discovery rules and the orders of the court while discharging counsel's duties to his client.

[2] A transcript of the April 20, 2011 hearing is submitted herewith and made a part hereof.

From the record before the court and the undisputed facts in the case, the undersigned finds as follows:

1) Plaintiff did not discharge her personal responsibility to comply with discovery in a manner reasonably calculated to satisfy either the discovery rules or the discovery orders of the court;

2) Plaintiff's actions, if permitted without remedy, would prejudice the defendant's ability to conduct reasonable and necessary discovery in this forum;

3) Plaintiff's requests to relieve her of the responsibility for conducting discovery in this forum, including a medical examination, was without objective medical foundation;

4) Plaintiff's failure to honor the orders and directions of the court was willful and not justified under the circumstances of the case.

Nevertheless, the undersigned believes that a dismissal with prejudice is not warranted because there are conditions which can be placed on the dismissal that both remedy plaintiff's failures without forfeiting her claims. These include limiting plaintiff's ability to refile this action in any jurisdiction other than the Western District of Virginia and requiring her to reimburse defendant for out-of-pocket expenses incurred in scheduling the medical examination, if any.

Accordingly, it hereby is

RECOMMENDED

as follows:

1) Defendant's April 15, 2011 motion to dismiss should be GRANTED, in part, and DENIED, in part;

2) The motion should be DENIED to the extent that defendant seeks dismissal with prejudice;

3) An order should enter DISMISSING plaintiff's action upon the following terms and conditions:

   a. The plaintiff may refile her action against the defendant only in the Western District of Virginia;

   b. Any case must be filed within the period of limitations and any tolling allowed by Virginia law;

   c. Defendant forthwith is to notify plaintiff's counsel of record of the amount of expense, if any, incurred in scheduling the cancelled medical examination which sum must be tendered to defendant's counsel prior to initiating any further proceedings.

The Clerk is directed to immediately transmit the record in this case to the presiding District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/ [signature]
U.S. Magistrate Judge

April 21, 2011
Date